**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| RONNIE MANNS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:17-CV-254-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff on June 6, 2017, and Plaintiff's Brief in Support of His Motion to Reverse the Decision of the Commissioner of Social Security [DE 14], filed on October 12, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On November 9, 2017, the Commissioner filed a response, and Plaintiff replied on December 1, 2017.

**I.     Background**

On December 24, 2013, Plaintiff filed an application for benefits alleging that he became disabled on January 31, 2013. Plaintiff's application was denied initially and upon reconsideration. On April 12, 2016, Administrative Law Judge ("ALJ") William E. Sampson held a video hearing at which Plaintiff, with an attorney, Plaintiff's mother, and a vocational expert ("VE") testified. On May 2, 2016, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.  The claimant has not engaged in substantial gainful activity since December 24, 2013, the application date.

2.  The claimant has the following severe impairments: hypertension, diabetes mellitus, obstructive sleep apnea, obesity, and borderline intellectual functioning.

3. The claimant does not have an impairment or combination of impairments that met or medically equalled any of the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

4. The claimant has the residual functional capacity to perform light work except that he can lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can sit for six hours and stand and/or walk for six hours for a total of eight hours in a workday, with normal breaks, The claimant can occasionally climb stairs and ramps, but cannot climb ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant must avoid concentrated exposure to extremes of heat and cold. The claimant is limited to simple, routine, and repetitive tasks with no production pace work

7. The claimant has no past relevant work.

8. The claimant was 45 years old, defined as a younger individual age 18-49, on the date the application was filed.

9. The claimant has at a limited education and is able to communicate in English.

10. Transferability of job skills is not an issue because the claimant does not have past relevant work.

11. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

12. The claimant has not been under a disability, as defined in the Social Security Act, since December 24, 2013, the date the application was filed.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the Agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "A reversal and remand may be required, however, if the ALJ committed an error of law or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citations omitted).

To be eligible for disability benefits, a claimant must establish that he suffers from a

3

"disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent him or her from doing her previous work, but considering his or her age, education, and work experience, it must also prevent him or her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III.     Analysis

Plaintiff argues that the ALJ failed to provide a sound explanation as to why Plaintiff's intellectual impairment did not meet the requirements of Listing 12.05(C). The Commissioner argues that the ALJ's opinion is supported by substantial evidence.

The determination of whether a claimant suffers from a listed impairment comes at steps two and three of the ALJ's analysis. Step two of the ALJ's analysis requires an examination of whether the claimant has an impairment or combination of impairments that are severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c); 416.920(c). The determination of whether a claimant suffers from a severe condition that meets a listed impairment comes at step three of the sequential analysis. At step three, the ALJ must determine whether the claimant's impairments meet an impairment listed in the appendix to the social security regulations. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). An individual suffering from an impairment that meets the description of a listing or its equivalent is conclusively presumed to be disabled. *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). In order "[f]or a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). An impairment that manifests only some of the criteria will not qualify, no matter its severity. *Id*.

Listing 12.05(C) describes intellectual disabilities. A claimant met Listing 12.05(C), as was in effect at the time of the ALJ's decision, if he met each of these three criteria: (1) "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment

5

before age 22"; (2) "a valid verbal, performance, or full scale IQ of 60 to 70;" and (3) "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05; *see also Novy v. Astrue*, 497 F.3d 708, 709 (7th Cir. 2007). The ALJ found that Plaintiff did meet the listing because he did not demonstrate onset of impairment before 22 and because he does not have an adaptive deficit. Plaintiff argues that this is in error.

Plaintiff had a full scale IQ of 61, but the ALJ emphasized that it was performed when Plaintiff was 45, and there was no IQ result in the record before the age of 22. The ALJ also referred to the fact that Plaintiff did not complete high school and was in special education classes, but concluded, without giving any other reason for Plaintiff's inability to complete school, that "the record does not indicate that [Plaintiff's dropping out of school] was necessarily due to an intellectual disability." The ALJ did not identify any intervening event that would have caused a precipitous decline in Plaintiff's intellectual development, so should have assumed that his IQ prior to age 22 was the same as that at 45, especially given the evidence that he had intellectual difficulties as a child. *See Warren v. Colvin*, 565 F. App'x 540, 544 (7th Cir. 2014) ("Because intellectual abilities are generally presumed to remain stable over time, the ALJ should have considered the likelihood that Warren would score at or below 70 today.") (listing cases); *Guzman v. Bowen*, 801 F.2d 273, 275 (7th Cir. 1986) ("[I]n the absence of evidence leading to a contrary result 'we must and do assume' that an IQ test taken after the insured period correctly reflects the person's IQ during the insured period.") (quoting *Branham v. Heckler*, 775 F.2d 1274 (4th Cir.1985)); *Ellis v. Astrue*, No. 2:10 CV 452, 2012 WL 359305, at *14 (N.D. Ind. Feb. 2, 2012) ("The circuit courts presume that a person's IQ remains stable, absent evidence of a change in

intellectual function.").

The ALJ also concluded that Plaintiff did not have deficits in adaptive functioning because he was able to get a driver's license and used to drive a car, had obtained full time jobs, lives independently, and has never been diagnosed with an intellectual disability. The ALJ did note some limitations to those abilities, including that Plaintiff was unable to keep any full time job, but failed to explain how inability to sustain employment is evidence that Plaintiff does not have adaptive deficits that affect his ability to work. Similarly, the ALJ concluded the ability to operate a car indicates that Plaintiff does not have a disabling mental limitation, even though Plaintiff had to have the driving test read to him, and the ALJ failed to mention the difficulties Plaintiff experienced when driving, including that he frequently got lost. The ALJ also relied heavily on the fact that Plaintiff lives alone, but failed to mention that he is unable to complete acts of daily living without significant assistance from others.

In general, the claimant bears the burden of proving that her condition meets all the criteria of a Listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). However, an ALJ's Listing determination must "offer more than a perfunctory analysis of the listing." *Barnett*, 381 F.3d at 668 (citing *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *Scott*, 297 F.3d at 595-96; *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)). If evidence exists in the record that might establish that a Listing's criteria have been met, an ALJ cannot simply ignore it without explanation. *Ribaudo*, 458 F.3d at 583. In this case, the ALJ failed to articulate his analysis to assure the Court that he properly considered the important evidence without making errors of law. *See Beardsley*, 758 F.3d at 837; *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) ("A decision denying benefits need not discuss every piece of evidence, but if it lacks an adequate discussion of the issues, it will be

remanded."); *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling."). On remand, the ALJ is directed to fully and accurately address the substantial evidence in the record to determine whether Plaintiff has demonstrated the criteria to meet Listing 12.05(C).

Plaintiff also argues that the ALJ made several other errors in his analysis. On remand, the ALJ is reminded that "[a] treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. § 404.1527(d)(2)); *see also Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) ("While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting SSR 96–5p, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)). Furthermore, the ALJ is directed to thoroughly explain how the medical evidence in the record supports the RFC, and how limitations, such as Plaintiff's use of a prescribed ambulatory device, are incorporated. *See, e.g., Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) ("When an ALJ denies benefits, she must build an 'accurate and logical bridge from the evidence to her conclusion,' and she is not allowed to "play doctor" by using her own lay opinions to fill evidentiary gaps in the record.") (quoting *Clifford*, 227 F.3d at 872; other citations omitted). The ALJ must consider all of Plaintiff's claimed impairments, including his diabetic neuropathy, and the combined effect of impairments that may not be severe in isolation. *See Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011) ("Even if each problem assessed separately were less serious than the evidence indicates, the combination of them might be disabling."); *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009) ( "[A]n ALJ must consider

8

the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation."). The ALJ must explain how all of Plaintiff's limitations are incorporated into the RFC, and is reminded that he must account for Plaintiff's moderate restrictions in concentration, persistence, and pace in the RFC and in any relevant hypothetical to the VE. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. This includes any deficiencies the claimant may have in concentration, persistence, or pace.") (collecting cases). The ALJ is also reminded of the requirement that he obtain additional information, including additional examinations, as needed. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.") (citing 20 C.F.R. § 404.1527(c)(3); SSR 96-2p, 1996 WL 374188 at *4 (July 2, 1996)); 20 C.F.R. §§ 404.1512(d)(1), 416.919(b)).

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of His Motion to Reverse the Decision of the Commissioner of Social Security [DE 14] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 27th day of August, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record